IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTIN HELLING, | ) | |
| | ) | |
| Plaintiff, | ) | CAUSE NO.  20-1269 |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| RILEY SPENCE MANAGEMENT | ) | |
| COMPANY LLC D/B/A MARYMOUNT | ) | |
| MANOR NURSING CENTER, AND | ) | JURY TRIAL REQUESTED |
| MARYMOUNT MANOR LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., as amended ("ADA"), and the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and disability and to provide relief to Kristin Helling ("Plaintiff" or "Helling"), who was adversely affected by such practices, and to prevent further occurrence of such practices.

As alleged with greater particularity in paragraphs fifteen (15) through twenty-four (24) below, Plaintiff alleges that Defendant Riley Spence Management LLC D/B/A Marymount Manor Nursing Center, and Defendant Marymount Manor LLC, ("Riley Spence" or "Marymount Manor" or "Defendant") unlawfully discriminated against Helling when it discharged her because of her pregnancy and medical conditions related to her pregnancy on or about August 21, 2014, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C.S. §§ 2000e(k) and 2000e-2(a)(1).

Plaintiff further alleges that her  medical restrictions stemmed from a disability

1

within the meaning of the Americans with Disabilities Act, as amended in 2008, and Defendant terminated her in violation of Sections 102(a) and 102(b)(5)(B) of the ADA, 42 U.S.C. § 12112(a) and § 12112(b)(5)(B).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and(3), the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri, pursuant to Title VII, 42 U.S.C. §2000e-5(f)(3) and the ADA, 42 U.S.C. §12117(a).

## PARTIES

3. Plaintiff, Kristin Helling, is a resident of Missouri and a former employee of Defendant, where she worked as a CNA.

4. At all relevant times, Riley Spence and Marymount Manor have been doing business in Eureka, Missouri continuously as a Missouri limited liability company, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Riley Spence and Marymount Manor have continuously been an employer engaged in an industry affecting commerce under both Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h), as well as the ADA, 42 U.S.C. § 12111(5) and (7).

6. At all relevant times, Riley Spence and Marymount Manor have been a covered entity covered under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. On or about March 12, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII and the ADA by Riley Spence and Marymount Manor.

8. The EEOC provided Defendant with notice of Plaintiff's Charge of Discrimination and conducted an investigation that resulted in a determination that there was reason to believe that Defendant had committed violations of both Title VII and the ADA.

9. On or about March 18, 2020, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII and the ADA were violated with respect to Plaintiff.

10. The EEOC attempted conciliation with Defendant.  The conciliation efforts were unsuccessful.

11. The EEOC engaged in communications with Defendant on behalf of Plaintiff to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On June 18, 2020, the EEOC issued to both Plaintiff and Defendant a Notice of Right to Sue and a Notice of Failure of Conciliation advising the parties that the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC with respect to the charge filed by Plaintiff.

14.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. In or around August 21, 2014, Defendant engaged in unlawful employment practices by

discriminating against Plaintiff, a qualified individual with a disability, when it terminated Plaintiff because of her sex (pregnancy) and medical conditions related to her pregnancy and because she was disabled, regarded as disabled, and had a record of disability, in violation of Title VII, 42 U.S.C. § § 2000e(k) and 2000e-2(a)(1), and the ADA, 42 U.S.C. §12112(a) and 12112)b)(5)(B).

16. Marymount Manor Nursing Center is located in Eureka, Missouri, and Plaintiff worked there as a Certified Nursing Assistant ("CNA"), beginning on or about September 9, 2013. My immediate supervisor was Lillian Zummwalt. Angie Voigt and Joyce Smith are a part of Human Resources for Defendant.

17. Marymount Manor Nursing Center is controlled and run by Riley Spence Management Company through limited liability companies Riley Spence Management Company LLC D/B/A Marymount Manor Nursing Center, and Marymount Manor LLC.

18. Plaintiff is a female who had pregnancy conditions, some of which were also or have been perceived as being physical or mental conditions that substantially limit one or more major life activities, but she was qualified to perform the essential functions of her job with or without reasonable accommodations.

19. In 2014, Plaintiff discovered that she was an at risk pregnancy, in part, due to her qualifying ADA condition, and she notified Defendant of her pregnancy. Plaintiff had numerous appointments at the request of her doctor.

20. On or about May 16, 2014, Plaintiff had to go to the Emergency room due to her qualifying ADA condition. Defendant told Plaintiff that she should take a leave of absence. Angie Voigt specifically told Plaintiff that her choice was to either voluntarily take a leave of absence, or, if she continued to work, she would be fired the first time she had a doctor's appointment. Plaintiff took a leave of absence starting on May 27, 2014, despite Plaintiff's doctor maintaining that she could continue to work.

21. Plaintiff continually tried to return to work, but no one from Defendant would return her phone calls.  Plaintiff applied for unemployment because she could not get on a shift, and she found out Defendant claimed she was still employed.   Defendant specifically told the unemployment referee that Plaintiff could go back to work with a doctor's note.

22. Plaintiff's doctor provided her with a note for light duty employment starting on August 21, 2014.

23. Plaintiff attempted to return to work, but Defendant told her that they had no light duty employment (despite others working on light duty), and was effectively terminated.

24.  This is discrimination due to my pregnancy conditions, some of which are qualifying ADA disabilities, and retaliation for having participated in protected activities and is all in violation of the ADA and Title VII, both as amended.

25. The effect of the practices complained of in paragraphs fifteen (15) through twenty-four (24) above has been to deprive Plaintiff, an employee covered by the ADA and Title VII, of equal employment opportunities and otherwise adversely affected her status as an employee because of her sex (pregnancy) and disability.

26. The unlawful employment practices complained of in paragraphs fifteen (15) through twenty-four (24) above were and are intentional.

27. The unlawful employment practices complained of in paragraphs fifteen (15) through twenty-four (24) above were done with malice or with reckless indifference to the federally protected rights of the Plaintiff.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging

in discrimination based on sex or disability, including the denial of reasonable accommodations to qualified individuals with disabilities.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make whole Plaintiff by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, front pay and reinstatement.

D. Order Defendant to make whole Plaintiff by by providing appropriate compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs fifteen (15) through twenty-four (24) above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E. Order Defendant to make whole Plaintiff by providing appropriate compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs fifteen (15) through twenty-four (29) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other nonpecuniary
losses in amounts to be determined at trial.

F. Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct described in paragraphs fifteen (15) through twenty-nine (24) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award Plaintiff her attorney's fees and her costs of this action as the prevailing party in this matter.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by her Complaint.

Respectfully submitted,

*Matthew J. Ghio*

By: _____
Matthew J. Ghio, Bar #44799MO
GHIO LAW FIRM, LLC
3115 S. Grand Blvd, Suite 100
St. Louis, MO 63118
Phone: (314) 707-5853
Fax:    (314) 732-1404
matt@ghioemploymentlaw.com
ATTORNEYS FOR PLAINTIFF